Alright, we are ready for the first case of the morning, which is 20-8046 United States v. Cervantes And just one housekeeping note for those present, after the third case, I plan to take a 10 minute break for the panel And we'll be back after that  Judges, good morning My name is Tom Fleener, I'm a lawyer from Laramie, Wyoming I'm appearing today under the Criminal Justice Act And I am honored to represent the appellant Armando Cervantes The law in this case, gentlemen, is fairly simple and clear What I've asked the panel members to focus on, judges, is not to take this case and look at it in a vacuum Rather to look at the entire case in its entirety And I think if you do that, I would ask you to ask yourself a second question Which is, did the trial court do what it could do or did it do what it should do? And when you put those two questions together, judges, the overarching theme of my argument And the overarching theme of my brief, our brief, was Did Armando Cervantes receive the kind of trial that's expected in the United States? And I would argue to the members of this panel that Mr. Cervantes did not You see no problem at all with the man who's tried, can you hear me? Yeah, I'm sorry, I couldn't see lips move, judge, I couldn't tell who was talking, I apologize Well, I'll take that as a yes I want you to be able to hear me very clearly I can hear you sir, fine, thank you So you see no problem with the fact that the man was there, the jury was in panel He was told about the motion, he didn't have to come to that day Then absconds for nine years, and comes back and doesn't want to be put in jail? No, I see a huge problem with that, judge And I should have said from the very onset The Armando Cervantes appeal is in large part caused by Armando Cervantes And please don't think that I'm somehow excusing my client's conduct for many of this I'm saying that it was exasperated in large part by actions at the trial court But I absolutely agree with the court that Armando Cervantes caused Armando Cervantes' problem The question is, and I guess, your honor, I'd ask you to ask yourself While Armando Cervantes was certainly more in control of this situation, probably than anybody Who had a greater ability, though, to sort of put this case in its proper context? And I would argue that in this particular case, the trial court did The trial court was prepared to go forward in Armando Cervantes' case, come hell or high water And I put myself, you know, interesting about, one of the more interesting aspects of this case And I spoke with my colleague, Mr. Schott, about it We're both from the District of Wyoming, a large state, but small population, very vast I remember the Armando Cervantes case I was representing somebody else in this indictment So I remember all of the things surrounding what was going on here I was chosen to be his lawyer, quite frankly, because of my background and knowledge of the rest of this case And made it easier to proceed to sentencing This was a case where Armando Cervantes was the 26th, 25th person arrested on a 27 or 28 person indictment This was the end of the long indictments that we used to do in Wyoming We don't do these anymore Counsel, I have another question to take you to Your argument goes to the abuse of discretion by the trial court of not granting your client a continuance Roger Now, in that argument, you seem to be saying that by failure to grant the continuance That that caused his counsel to be ineffective Which then takes us to a 2255 on ineffective assistance of counsel Which we require that that issue be raised in a habeas proceeding Roger But I didn't see anything in your briefs where you argued that his counsel did anything wrong Made any mistakes So how was his attorney disadvantaged and caused an abuse of discretion by the court? Yes, sir And reading your brief six months after the fact, in my mind And reading the United States briefing sort of cements things And I realized things I should have said differently in my briefing when I read this thing six months later This is a cumulative effect This is a cumulative error That the denial of a motion to continue Ms. Wood asked to continue the trial and withdraw from the case The trial counsel On January 3rd, a Sunday in 2011 First day coming back would have been January 4th where the trial was She had one basis essentially The basis was I've been fired by my attorneys New attorneys are coming Or fired by my counsel New attorneys are coming on board And I need to withdraw and continue the case When the trial court denied Ultimately denied that And we started the trial the next day And then gave Ms. Wood the following day to review Some of the luminous discovery that came in really over the break And then waited another 30 days after the jury was impaneled Sent them home and brought them back 30 days later What this really was, Judge And I should have briefed it then, quite frankly Is that this was an issue of failing to For the trial court really denying the motion to continue Based on the new attorneys coming in And the court did no real There was no analysis really at all, your honor Regarding these interlopers as the court called them And they probably were And that's what I want the court to understand the facts in this case Which is from Armando Cervantes' viewpoint And I agree with Judge Baldock That he was certainly to blame for this But in December of 2010 Armando Cervantes was dissatisfied with his court-appointed attorney And he did what we're supposed to do He hires new lawyers He hires them at the 11th hour right before trial After not communicating with the existing attorney Who was trying to reach him If you don't mind, let me follow up on Judge Baldock's question Sure and clear here There are two discrete issues here on appeal We don't have an ineffective assistance of counsel issue, right? We've got an issue related to the continuance And an issue related to the trial in absentia That's it? Yes, sir Okay Let me focus on the trial in absentia And the public interest inquiry And you make much of in your brief The fact that the court referenced its coming retirement And the implications of that What I don't particularly understand is why What's the problem with that? Why isn't that when I consider public interest Just another factor going to the cost of delay? I mean, the exacerbating the cost of delay The fact that a new judge would have to learn about the case Why isn't that like saying If I don't hold the trial now There are 50 other cases that are going to be impacted By me not doing it What's the difference? I think it's a I mean, it's a legitimate consideration, your honor I think that There's all sorts of facts that are legitimate considerations Under this public interest prong I mean, it's a broad category And it should bring in a lot of facts Okay, well, I didn't understand you to be saying It was a legitimate consideration If you accept the fact that it's a legitimate consideration Then what's wrong with that? If it's legitimate Why couldn't the court factor that in With a bunch of other factors? Where's the abuse of discretion in that balancing? Our opinion is that the court Treated this as sort of the sole consideration And rather than a consideration And I start, your honor, with The premise that Crosby talks about Which is that Counsel, let me just make sure When you say the sole consideration Are you still referencing The impending retirement point? Yes, sir, when I say that Whether it's that the judge Treated it as sort of the sole consideration And this is for what? The denial of the motion for continuance Or the holding of the trial in absentia Which of those are you referring to right now? I'm really referring to both But I'm trying to focus on the Having the trial in absentia Wasn't the main consideration Is that your client absconded It didn't have anything really to do With the judge's retirement He was gone And I appreciate the question, your honor But when you read the transcripts It was clear that While my client certainly absconded And is responsible for that The trial court spent just a great deal of time Talking about how he wants to get this case done Before his predecessor comes on board He doesn't want I believe he said he doesn't want President Obama's nominee To be saddled with this case Is it a legitimate consideration? Absolutely I believe the trial court abused his discretion By making it really his primary And sole discretion Well, it's my understanding That the court focused on The inconvenience to the jury The inconvenience that had already taken place The possible inconvenience that would take place If they waited until they found him And a new jury would have to be picked It also focused on the inconvenience to the government Is my memory failing me? Didn't it talk about those additional factors? The court did All right, then  It wasn't the sole factor But it was certainly a primary factor, your honor And again, I think that A fair reading of the transcripts Would lead a reader To come to the conclusion that Again, while Mr. Cervantes is certainly responsible In large part for many of these issues There were all sorts of things That the trial court Could and should have done In this particular case Which probably wouldn't have me be up here Ten years later arguing Before this honorable court And that's interesting Let's go back to your initial question Your question was Could the court have done something? Should the court have done something? So that somebody can get the kind of trial That they're expected to get in the United States Well, really, is that the question here? On a piece of discretion We're talking about what the law requires Not what the court could have done I mean, the court could have waited The court could have decided to do a bunch of stuff But the question is What the law required the court to do In order to provide this defendant His constitutional rights, right? Correct Okay Let me be clear on one point You don't contest the fact That the trial stage For purposes of Rule 43 Had been reached At the time that your client absconded Based on the current law Including, you know I understand the law involving Rule 43 No By impounding the jury That started the trial As far as that goes, yes, sir Okay And on this question Still focusing on the continuance issue You cited in your brief The Lamont case And I just don't understand How that case helped you Because in Lamont The court denied a continuance And it was actually A fairly similar situation Counsel got upset with his lawyer Fired his lawyer Hired another lawyer And the court denied a continuance And the language of the opinion was Impressed the new lawyer into service To argue the case And we found no abuse of discretion I can't For the life of me I don't see why that case helped you The case doesn't necessarily help me, Your Honor We cited the case Because that's the law Well, okay It is the law And I appreciate your candor in citing it But, I mean Tell me what How did you get out from under that case? Because that case would seem to control That your continuance argument doesn't fly And I would agree Which is why I go back To the very first point That I made Before the question began Which is To not look at this case in a vacuum I would invite the three judges I would invite you all To take a step back And look at this case As it's happening And as it's unfolding Counsel, could I Yes, sir, of course Looking at the case And stepping back It's correct, isn't it That your client was present On January 4th For jury selection Yes, sir And on January 3rd Ms. Wood was prepared to go to trial I don't concede that, Your Honor Because she'd filed a motion to continue Not only for the The new counsel to be involved But she'd also filed a motion To exclude a bunch of discovery That was filed Given I'm just looking at the transcript Of January 3rd Where she said I was still under the impression That we were ready To go to trial tomorrow So she anticipated going to trial Yes, sir She did get the extra day And then when Mr. Cervantes Didn't show up on the 6th She really got another month To prepare, correct? She did My time is up May I finally finish my question Or respond to your question, Judge She did get another month to prepare But I do struggle with this concept The concept that For Rule 43 considerations That the trial began on January 4th But for preparation of witnesses And the actual things that go on in trial We're actually considering That the judge gave her The benefit of the doubt And didn't really start the trial Until January 30th I'm sorry I don't think the government Gets it both ways I mean, either the trial Started on the 4th And all this evidence That was late disclosed And I appreciate the court giving The trial court giving Ms. Wood time to analyze it I mean, I would think legally That if we're dealing with January 4th From the beginning of trial Because of jury selection in Panama We should be looking at January 4th For when the trial starts As far as examining witnesses And evidence And at the time that the court gave her Afterwards Wouldn't matter as far as that goes But I'm out of time Did the members have any questions for me? No, we're good It was an honor Thank you very much Thank you, Counsel Your Honors, good morning May it please the court Counsel Good morning Your Honors My name is Thomas Schott I'm an assistant U.S. attorney From Cheyenne And Your Honors The point I would emphasize Is one that Judge Holmes made With Mr. Kleener Is we are here in the context Of abusive discretion review Really going to the in absentia issue Which is the more meaty issue, I think The district court perhaps Could have Done something different The district court perhaps Could have Held the trial in absentia Sooner Or the district court could have Perhaps continued it longer To allow for more time Perhaps For Mr. Cervantes to be Apprehended But Based on the record Based on what happened The court did not abuse its discretion In doing exactly what it did Which was to continue the trial For a short time Permit the U.S. Marshals To undertake an investigation Receive evidence About that investigation to date Permit defense counsel To cross examine The U.S. Marshal on that evidence And also permit her additional time To prepare for trial As sort of a fringe benefit So to speak But ultimately The district court's decision To proceed with trial Was reasonable It was not an abusive discretion The one issue That seems to me to cut Most significantly Against this argument Is related to the public interest criterion And in particular the question That this was a single defendant trial No, I'm not saying that Toratora and our reference to it Is controlling You do, I think, a fairly nice job Of explaining why that should not be the case However, it is a factor And it is one that it seems to me Cuts against the notion That the court could not have waited Because there weren't other defendants That were going to be affected So, what additional factors In the record Counteract And weigh the balance In favor of the action The court took In light of the fact That it was a single defendant trial Your honor I would point to the factors That you mentioned to Mr. Fleener In the first part of the argument First of all The court's impending retirement Is a factor It's an additional burden on the court To require a new judge New staff To be involved Some of the other factors in question were The uncertainty as to whether This particular jury Would be able to complete its service If there were An indefinite continuance Or a lengthier continuance And the public expense The judge noted That was involved in In impaneling the jury Certainly, your honors The, at minimum Inconvenience to the government Which had witnesses prepared Present, ready to testify An indefinite continuance Would have at least potentially Prejudiced the government In so far as government witnesses As the court noted at some point During the proceedings You know, witnesses might die And obviously Years after the fact Memories fade So, there was the potential for Prejudice to the government as well So, there were multiple factors That the district court Identified in so far as The public interest is concerned And Certainly, your honor The fact that it was a single defendant case As opposed to a multi-defendant case I don't dispute that that's pertinent And that in a multi-defendant case With multiple defendants Who are ready to go to trial The balancing may be different The balancing may weigh in favor of Rather than granting a several week continuance To try to find out absent defendant Perhaps proceeding almost immediately As soon as it's ascertained That his absence is in fact voluntary So, that might be different In a different case But I certainly think There are multiple factors, your honor One sort of interesting thing I think about that The public interest is Counsel, before we leave The single defendant issue I was just interested in your view Of Where we stand on the law On that question If we have a single defendant Is that just one factor to consider? That seems to be the tenor Of the argument Or does the fact that There's just one defendant left Create any presumption Against proceeding in absentia? Your honor, I'm not aware of any case That would apply such a presumption And as I outlined in the brief That single defendant consideration Comes from some dicta Back, I believe, from the 1970s That just sort of spread It's the kind of statement That's easy to quote and to cite I believe, your honor I would answer with what you said first It's a consideration to be sure Depending on the facts and circumstances Of the particular case But I don't think there's any Presumption that would apply Against proceeding in absentia In a single defendant case Your honor, I Counsel, it would be more than a presumption We would have to say as a matter of law That there has to be more than one defendant Isn't that correct? It's not a presumption We would say you have More than one defendant Before you can have a trial in absentia And you only have one defendant The law is you don't get to try the case And that would certainly be A bright line, your honor I'm not aware of any court That's actually said that The dicta from that Tortora case That Judge Holmes mentioned I believe that's the source of all of this I don't have the precise language In front of me But I believe the word generally is included And the court said something To the effect of generally It's difficult for us to foresee That this would be proper Except in a multi-defendant case It really is sort of classic dicta Where the court just made a statement That then was treated really later As if it were an important consideration And it's certainly a consideration While in Wright was it dicta? That's the case where we picked it up Right, your honor And I know that I believe it's also in Edmondson I didn't go back before this argument To trace the origins of all that When I did it in the brief I believe I traced it back to Tortora Well, it does go back, I think, to Tortora We picked it up in Wright We did phrase it as generally Along the lines of what you're saying All right, let's move on I didn't refresh my memory this morning On whether Wright used it In the context of that case More than just as a general statement So we can explore that later Go ahead, please One last point about the dicta, your honor That I would make is At least in Edmondson And I make this point in the brief as well That's a pre-Crosby case The Supreme Court's decision in Crosby Which really clarified that under Rule 43 You can't try someone in absentia If he absconds before trial So Edmondson, at least, was talking I believe, about a defendant Who had absconded before trial And the dicta popped up That, I believe, was also the circumstance In Tortora itself So I really would emphasize, your honors The dicta is Not only has its own circuit rejected it It's not the law And shouldn't be the law I think, really, what the law requires Is for the district court To analyze each case On its own facts and circumstances And if there are multiple defendants That's a consideration And if not Then the court looks at the facts That are before it One important aspect of this public interest I think, your honors Is the fact that it was The defendant's willful misconduct That was the result here The fact that he was clearly unhappy With the district court's rulings He apparently wanted these new attorneys And the district court had properly Denied that 11th hour motion Based on what those attorneys had not done Which was to enter an appearance Or seek pro hoc vicee admission So the defendant, apparently Is frustrated with the judge He's scared, whatever the case may be He knew he needed to be back For opening statements And he chose, voluntarily To abscond And that sort of willful conduct Is really something that I think Weighs into the calculus as well And the district court was clearly aware of that  For trying the case in absentia At a minimum, your honors There's no abusive discretion here The judge's actions were not Whimsical or arbitrary He proceeded appropriately He proceeded reasonably cautiously, I think By allowing that additional period of time To try to get some more information About what happened There's no suggestion that the absence Was other than voluntary So I think there's no abusive discretion on that In terms of the other issue Which is the motion to continue From the government's perspective And this is outlined in the brief The only possible argument Would be an ineffective assistance argument And that argument's not been raised So really, I think that's Not an issue at all for the court Any hypothetical prejudice Was cured by that additional time Counsel, just so we're understanding The record correctly Didn't Ms. Woods say At the January 3rd hearing She needed to newly produce discovery? I would have to go back and look, your honor Whether she said that at the hearing She certainly had filed that motion to exclude Based on discovery That was purportedly provided late Where I was going with the question Was to give us a better idea Of what the newly produced discovery Presented her with What are we talking about there? Is this a large amount of material? What would it take to review? I'd just like to have a little more context Her primary complaint, your honor And she made this point explicitly Was with 83 pages of bank records Which apparently were emailed to her In mid-December That was what she said Was her primary concern There also was some surveillance video Which was not used at trial Although associated photographs, I believe, were But the video was not And then some evidence, I believe Of wire transfers She also mentioned an additional proper statement And was talking about other proper statements But her primary concern, your honor Was 83 pages of bank records And ultimately, in its order Which denied her motion to exclude The district court Held that she had sufficient time She had them in mid-December Even if the trial had gone as scheduled In early January She would have had about three weeks To review 83 pages of bank records So The district court's conclusion, your honor I think was reasonable That she wasn't prejudiced by that That she'd had sufficient time And when the court afforded her the additional day She was at least She at least made statements Indicating that she was hopeful That that would be sufficient To work out the problem But in any event, your honor It's sort of a moot point Because she got the additional time After her client absconded And It would be almost a hypothetical kind of analysis To go back now and say, well If her client hadn't absconded And if the trial had happened as scheduled Would she have been unprepared To do the trial at that time Based on this purportedly late discovery That's, I believe, what Mr. Cervantes is arguing here But, like I say, it's Number one, she She said she was prepared Or she wasn't intending to ask for a continuance Until the out-of-state lawyer called her And the district court's conclusion ultimately That she did have sufficient time To review those bank records Certainly appears to be proper, your honor So, for all those reasons Unless the court has additional questions for me The government would ask the court to Reject Mr. Cervantes' argument  188-month concurrent sentences Thank you, your honor Thank you, counsel Thank you Mr. Fleener, I don't believe you had any additional time No, sir Okay, so the case is submitted then